IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steven Lee Hewitt, Sr., | ) C/A No. 0:09-1140-HMH-PJG |
| Plaintiff, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION FOR** |
| Georgetown County Detention Center; Sgt. Joanne | ) **PARTIAL SUMMARY DISMISSAL** |
| Clary; Officer Wheeler; Officer Livingston; Officer | ) |
| Dyre, | ) |
| Defendants. | ) |

This civil rights matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The plaintiff, Steven Lee Hewitt ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983. At the time he filed his Complaint, Plaintiff was a pretrial detainee at the Georgetown County Detention Center ("GCDC"). Plaintiff files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that Defendant Georgetown County Detention Center should be summarily dismissed for failure to state a claim upon which relief may be granted.

### *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

PJG

404 U.S. 519 (1972); <u>Nasim v. Warden, Md. House of Corr.</u>, 64 F.3d 951 (4th Cir. 1995) (*en banc*); <u>Todd v. Baskerville</u>, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." <u>Denton</u>, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. <u>Neitzke</u>, 490 U.S. 319; <u>Allison v. Kyle</u>, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Hughes v. Rowe</u>, 449 U.S. 5, 9 (1980); <u>Cruz v. Beto</u>, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. <u>Fine v. City of New York</u>, 529 F.2d 70, 74 (2d Cir. 1975).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable

*PJG*

in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it

should do so; however, a district court may not rewrite a petition to include claims that were

never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's

legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up

questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d

1274, 1278 (4th Cir. 1985).

### DISCUSSION

The Complaint fails to state a claim upon which relief may be granted as to

Defendant Georgetown County Detention Center.  To state a claim for damages under 42

U.S.C. § 1983, an aggrieved party must allege:  (1) that he or she was injured; (2)  by the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws of

the United States; (3)  by a person acting under color of state law.  See 42 U.S.C. § 1983.

The Georgetown County Detention Center is not a "person" within the meaning of § 1983.

See Monell v. Dep't of Soc. Serv., 436 U.S. 658, 690 & n.55 (1978) (noting that for

purposes of § 1983 a "person" includes individuals and "bodies politic and corporate"); see

generally 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230

(2002).  The Detention Center consists of buildings, facilities, and grounds—inanimate

objects that do not act under color of state law—and thus is not a "person" within the

meaning of §1983.  See Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va.1999) ("[T]he

Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42

U.S.C. § 1983."), rev'd on other grounds 2000 WL 20591, *1 (4th Cir. 2000) (unpublished)



("The court also properly determined that the Piedmont Regional Jail is not a "person" and is therefore not amenable to suit under § 1983."); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C.1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Defendant Georgetown County Detention Center should be summarily dismissed from this action without prejudice and without service of process.

## RECOMMENDATION

Accordingly, the court recommends that Defendant Georgetown County Detention Center be dismissed with prejudice and without issuance and service of process. 28 U.S.C. § 1915(e)(2)(B)(ii).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 3, 2009
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).